PATENTS SELLING & EXPORTING CO. ACTIESELSKABET v. DUNN.

(Circuit Court of Appeals, Second Circuit. February 10, 1914. On Motion to Reopen Case, March 4, 1914. On Amendment of Mandate, March 17, 1914.)

No. 175.

1. PATENTS (§ 328*)—VALIDITY—ANTICIPATION.

The Schiodt patent, No. 854,670, for a vacuum cleaner, *held* anticipated by the Locke and Dunn patent, No. 893,853.

2. PATENTS (§ 64*)—ANTICIPATION—PRIOR ART.

Where a foreigner was first in time to work out a particular improvement, but the holders of a subsequent conflicting patent were able to carry their date back to the filing of their application, which antedated the issuance of a patent to the foreign inventor, he, never having disclosed his invention abroad or in the United States until after the conflicting application was filed, could not carry his date back to the time of his application; and hence, as between the two, the later patent would be regarded as the prior art.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 79; Dec. Dig. § 64.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the South-ern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding a patent valid and in-fringed. The patent is No. 854,670 granted May 21, 1907, to Fred-erick V. Schiodt for apparatus for the extraction of dust from carpets and other articles. The opinions of the District Court will be found in 204 Fed. 99, 102.

See, also, 214 Fed. 1023.

Prindle & Wright, of New York City (E. J. Prindle, of New York City, of counsel), for appellant

Miller & Merwin, of New York City (Timothy D. Merwin and W. B. Morton, both of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Judge Hand has sufficiently discussed the patent and the prior art; we fully concur in the conclusions he reached upon the record before him. Schiodt made a very marked advance over Kenney and all other devices set forth in the record when he arranged his apparatus so that the sliming water would be carried forward with the dust and air, thus letting the machine wash itself as it did its work, instead of leaving the water in a receptacle to be gradually transformed into mud and then stopping the machine to clean out the receptacle. An advance such as that might well enti-tle a patentee to a liberal construction of his claims. It was certainly novel as compared with anything in the record. With Judge Hand's remarks about the nonanalogous art patents we fully concur.

But the record here differs from that in the District Court. By stipulation of the parties, presumably to avoid future litigation, there has been introduced before us an additional patent. The patent is No. 893,853 granted July 21, 1908, to Locke and Dunn for apparatus for removing dust by pneumatic suction. It is one of the patents held by us to be valid and infringed in Vacuum Engineering Company v. Dunn, 209 Fed. 219, 126 C. C. A. 313 (opinion filed November 11, 1913). The stipulation does not include the statement that applica-tion was filed on the date the Patent Office printed copy of the pat-ent states that it was; but we assume that fact also will be stipulated since it must be easy to prove.

[1] This additional patent presents the situation under a very dif-ferent aspect; the broad advance over Kenney and the others is found in Locke and Dunn and if it be prior art, as regards Schiodt the lat-ter's claims can no longer be given a broad range; they must be confined closely to the particular combination of parts which Schiodt discloses. The question now presented is which of these two patents is to be considered prior art, as against the other. That question was substantially disposed of by our decision in the Vacuum Engineering Case.

The dates are as follows: Schiodt application filed May 3, 1905, patent issued May 21, 1907; Locke and Dunn application filed March 9, 1906, patent issued July 21, 1908.

[2] Two inventors acting independently, without any knowledge on

the part of either as to what the other was doing, discovered the same thing. Apparently Schiodt discovered it first. He lived abroad. No patent or publication in a foreign country disclosed the invention before Locke and Dunn applied here. As we pointed out in the Vacuum Engineering Case Schiodt's first disclosure in this country was not when he filed his application, but when by the issue of the patent his contribution to the art was first given to the public. We therefore held in that case that, although the foreigner was the first in time to work out the particular improvement, his patent was not "prior art" as to Locke and Dunn, as that phrase "prior art" is understood in the American law of patents.

We have therefore two independent inventors, both holding American patents. According to the date of issue Schiodt was prior, but Locke and Dunn are able to carry their date back to the filing of their application, which antedates the issue of Schiodt's patent. Schiodt, however, never having disclosed his invention abroad and not having disclosed it here until after Locke and Dunn's application, cannot carry his date back to the time of his application. As between the two, therefore, Locke and Dunn must be treated as the "prior art."

Being prior art, infringement of Schiodt's claims, which must be narrowly construed, is not made out because Dunn's device, here complained of, is much more like that of the Locke and Dunn patent than it is like Schiodt's.

The decree is reversed, with costs of this appeal, and cause remanded, with instructions to dismiss the bill.

### On Motion to Reopen Case.

Motion for leave to reopen the cause and put in further testimony of prior foreign patents, and counter application of defendant to meet the new testimony by proof carrying back the date of his invention.

PER CURIAM. This cause was remanded to the District Court February 25th, and we have no jurisdiction in the matter. We could acquire such only by recalling the mandate. The better practice, however, is to leave this application and whatever proof may be offered to be passed upon in the first instance by the District Court. We are entitled to the judgment of the District Judge on all the questions which may be presented.

Motion denied.

### On Amendment of Mandate.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The mandate may be amended, so as to affirm the District Court on the cross-appeal, without prejudice to motions to introduce further proof as to priority of invention in the District Court.